FILED'10 MAY 21 12:00USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARIO JESUS PARRA-MOO,

        Petitioner,

    v.

RICK COURSEY,

        Respondent.

Civil No. 09-720-PA

OPINION AND ORDER

    Nell Brown
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Jonathan W. Diehl
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of a variety of state court convictions. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

In 2004, petitioner was charged in Washington County based on separate indictments for Manslaughter in the First Degree, Attempted Murder, two counts of Assault in the Second Degree, Assault in the Third Degree, two counts of Unlawful Use of a Weapon, Robbery in the First Degree, two counts of Robbery in the Second Degree, and Unlawful Possession of a Short-Barreled Rifle. Respondent's Exhibit 102. The separate cases were consolidated on August 11, 2004. Respondent's Exhibit 130.

Petitioner ultimately pled guilty to Robbery in the First Degree, Manslaughter in the First Degree, Assault in the Second Degree, and Attempted Murder in exchange for the dismissal of the remainder of the charges. Respondent's Exhibit 106, pp. 2-3. The parties stipulated to a sentence between 120 and 160 months, and the trial court imposed a 150-month sentence. *Id* at 3; Respondent's Exhibit 107, p. 38.

Petitioner took a direct appeal, but voluntarily dismissed the case. Respondent's Exhibits 113, 114.

2 - OPINION AND ORDER

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 136, p. 17. The Oregon Court of Appeals granted the State's Motion for Summary Affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 140, 142, 143.

Petitioner filed his federal Petition for Writ of Habeas Corpus on June 22, 2009 in which he raises three grounds for relief:

1. Trial counsel failed to secure a Mayan interpreter to translate attorney-client discussions and court proceedings;

2. The failure of both trial counsel and the trial court to secure a Mayan interpreter led to the entry of a plea that was not knowing, voluntary, and intelligent in violation of petitioner's right to due process;

3. The trial court denied petitioner his Sixth and Fourteenth Amendment rights to trial by jury and to due process of law when the court imposed consecutive sentences without empaneling a jury to make the necessary factual findings.

Petition (#2), pp. 6-9.

Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to fairly present any of his claims to Oregon's Supreme Court, and the claims are now procedurally defaulted; (2) petitioner's claims are meritless; and (3) the state court decisions denying relief are entitled to deference.
///

3 - OPINION AND ORDER

## **DISCUSSION**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure

4 - OPINION AND ORDER

to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, petitioner's Appellant's Brief to the Oregon Court of Appeals during his PCR proceedings argued only that trial counsel was constitutionally ineffective when he failed to object to petitioner's consecutive sentence under the Sixth Amendment. Respondent's Exhibit 138, p. 3. When an intervening decision by the U.S. Supreme Court made it clear that petitioner would not prevail on such a claim, petitioner sought to withdraw his Appellant's Brief and proceed with a *Balfour* brief.[1] The Oregon Court of Appeals resolved the case as follows:

> Respondent has moved for summary affirmance on the ground that appellant has failed to present a substantial question of law on appeal in that the only question of law raised in the opening brief is controlled by case law adverse to appellant's position. Appellant's attorney concedes that adverse case law now controls disposition of the case and moves for leave to withdraw the brief he filed and to file a *Balfour* brief.
>
> The court determines that the brief filed by counsel does not present a substantial question of law. Counsel has not identified any issue that appellant might raise

---

[1] Oregon's *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

5 - OPINION AND ORDER

> in Part B of a *Balfour* brief; therefore, no useful purpose would be served by allowing counsel's brief to be withdrawn and giving leave to file a *Balfour* brief. The motion to do so is denied. The motion for summary affirmance is granted.

Respondent's Exhibit 140.

Based on this record, the only claim petitioner presented for consideration on its merits was his ineffective assistance of counsel claim based on his attorney's failure to object at sentencing. Under Oregon law, this was the only claim petitioner could have properly raised in the Oregon Supreme Court. ORAP 9.20(2) (only questions that were properly before the Court of Appeals are properly raised in a petition for review).

In his Petition for Review to the Oregon Supreme Court, petitioner alleged that the Oregon Court of Appeals erred when it denied him the opportunity to file a *Balfour* brief. He also alleged that the PCR trial court erroneously concluded that he fully understood his trial court proceedings. Respondent's Exhibit 141. Petitioner did not, however, pursue his only preserved claim of ineffective assistance of counsel.

The Oregon Supreme Court did not allow review, and instead issued an Order of Dismissal wherein it ordered that the Petition for Review "be dismissed under ORAP 9.05(1)," apparently on the basis that the Oregon Court of Appeals' decision was unreviewable. Respondent's Exhibit 142. Petitioner takes issue with this state court application of state law, arguing that the Oregon Supreme

6 - OPINION AND ORDER

Court erroneously applied ORAP 9.05(1) to his case. But even if the Oregon Supreme Court had not done so, review would have been limited to the questions contained in the Petition for Review which were also properly before the Oregon Court of Appeals. ORAP 9.20(2). Because none of the issues raised in the Petition for Review were presented to the Oregon Court of Appeals, petitioner failed to fairly present any federal constitutional claims to the Oregon Supreme Court in a context in which the merits would be considered.

Petitioner argues that by seeking leave to file a *Balfour* brief to include these claims in the Oregon Court of Appeals, he did all he could be expected to do, thus fairly presenting his claims. To support this contention, he directs the court's attention to *Clemmons v. Delo*, 124 F.3d 944 (8th Cir. 1997).

In *Clemmons*, a PCR petitioner's attorney filed a brief with the Missouri Supreme Court that omitted a *Brady* claim which had previously been raised in the PCR trial court. When Clemmons instructed his attorney to file a supplemental brief to include the omitted claim, counsel refused to do so. As a result, Clemmons sought leave to file a supplemental *pro se* brief, and attached his proposed brief for the Missouri Supreme Court's review. The Missouri Supreme Court denied him leave to file the *pro se* brief.

The Eighth Circuit determined that "Clemmons did the only thing he could do: he tried to bring the issue to the attention of

7 - OPINION AND ORDER

the Missouri Supreme Court himself." *Id* at 948. It specifically noted that "[t]he fact remains that Clemmons called the attention of the Missouri Supreme Court to his *Brady* claim, among many others. We do not know what else he could have done . . . to present the claim to that Court for decision on the merits." *Id*.

As an initial matter, this is an out of Circuit decision which is not binding on this court. Even if this decision were binding on this court, the facts of *Clemmons* are distinguishable from those presented by the case at bar.

In *Clemmons*, the petitioner's attorney refused to assist his client in response to specific requests to include additional claims in his petition for review to the state supreme court. By contrast, petitioner's PCR appellate attorney in this case attempted to file an alternate brief once it became clear that the Appellant's Brief presented a clearly meritless claim.

In addition, petitioner in this case never presented the Oregon Court of Appeals with the claims he wished them to hear. Indeed, the Oregon Court of Appeals faulted counsel for not describing any potential claim petitioner might bring in Section B of a *Balfour* brief (assuming one would actually be filed). Thus, unlike *Clemmons*, the Oregon Court of Appeals was never put on notice of the specific claims which petitioner now raises in this federal habeas proceeding. As the Ninth Circuit has stated, "The holding in *Clemmons* was not based upon the *inaction* of the

8 - OPINION AND ORDER

petitioner's lawyer, but upon the *action* of the petitioner." *Custer v. Hill*, 378 F.3d 968 (9th Cir. 2004) (emphasis in original). In this case, petitioner did not take any personal action to bring his claims to the attention of the Oregon Court of Appeals. Because he may no longer present any of his claims to the Oregon Court of Appeals or the Oregon Supreme Court, the claim in his Petition for Writ of Habeas Corpus are procedurally defaulted.

In the alternative, petitioner contends that cause and prejudice exist to excuse his default. Specifically, he argues that the Oregon Court of Appeals' decision to refuse him leave to file a *Balfour* brief constitutes cause, and he asserts that he suffered prejudice as a result of that decision.

In order to demonstrate "cause," petitioner must show that some objective factor external to the defense impeded his efforts to fairly present the claim in state court. *Vansickel v. White*, 166 F.3d 953, 958 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner meets the "prejudice" standard if he can demonstrate that the errors he complains of undermine confidence in the outcome of his trial. *Vansickel*, 166 F.3d at 958-59.

Petitioner has not cited, and the court has not found, any decision in which a state court's discretionary decision to deny leave to amend amounts to cause sufficient to excuse a procedural default. It would be especially difficult to reach such a decision

9 - OPINION AND ORDER

in this case where the Oregon Court of Appeals denied petitioner leave to amend based on his failure to submit a proposed amended appellant's brief (a *Balfour* brief in this case), something which petitioner could easily have done. In this way, petitioner's argument in favor of cause to excuse his default is more appropriately directed at his PCR appellate attorney who failed to include a proposed amended appellant's brief. Counsel's performance, however, does not constitute cause sufficient to excuse the default because there is no constitutional right to an attorney in a PCR proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 553 (1987).

Because petitioner failed to fairly present any of his claims to Oregon's state courts, and as he is unable to demonstrate cause and prejudice to excuse his default, relief on the Petition is denied.

///

///

///

///

///

///

///

///

///

10 - OPINION AND ORDER

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 20 day of May, 2010.

_____
Owen M. Panner
United States District Judge

11 - OPINION AND ORDER